DL THOMPSON LAW, PC
DONNA L. THOMPSON, ESQ.
(Attorney ID #030231994)
*PHYSICAL ADDRESS:*
1442 Lakewood Road
Manasquan, NJ  08736
*SEND ALL MAIL:*
P.O. Box 679
Allenwood, NJ  08724
Tel: 732-292-3000
Attorney for Plaintiff,
Intek Auto Leasing, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEK AUTO LEASING, INC.<br><br>                                          Plaintiff,<br><br>vs.<br><br>THE PORT AUTHORITY OF  NY AND NJ;<br>NEW JERSEY TURNPIKE AUTHORITY;<br>NEW YORK STATE THRUWAY AUTHORITY;<br>MTA BRIDGES AND TUNNELS;<br>MARYLAND TRANSPORTATION AUTHORITY;<br>DELAWARE RIVER JOINT TOLL BRIDGE COMM.;<br>GOVERNMENT OF THE DISTRICT OF<br>COLUMBIA; E-ZPASS GROUP;<br>LINEBARGER GOGGAN BLAIR & SAMPSON,<br>LLP; PROFESSIONAL ACCOUNT MANAGEMENT,<br>LLC; TRANSWORLD SYSTEMS, INC.;<br>AFFILIATED COMPUTER SERVICES, INC.;<br><br>Defendants. | CASE  NO:  2:18-CV-9651<br><br><br>CIVIL ACTION<br><br><br><br><br><br>COMPLAINT  FOR  DECLARATORY RELIEF  PURSUANT  TO  FEDERAL DECLARATORY JUDGMENT  ACT,  28 U.S.C. § 2201 *et seq.* |

## COMPLAINT

AND NOW COMES the plaintiff, Intek Auto Leasing, Inc., a New Jersey Corporation, by and through its attorney, DL Thompson Law, PC, Donna L. Thompson, Esq., appearing, to file this Complaint for Declaratory  Relief, and in support thereof, sets forth and avers the following:

PREAMBLE

In this action, plaintiff, Intek Auto Leasing, Inc., seeks an adjudication of its rights and obligations, as owner of certain vehicles leased to third parties, which are subsequently used in violation of the Electronic Toll Collection ("ETC") and monitoring systems and regulations of various states, commonly known as "E-Z Pass".

E-Z Pass is an electronic toll collection method that makes traveling more convenient and quicker as vehicles travel through participating toll facilities, and helps reduce traffic congestion for all drivers. Conventional toll collection methods require drivers to deposit coins, tickets, and tokens at toll plazas; this system reduces highway capacity because the number of vehicles that can be processed at individual toll plazas is limited. E-Z Pass customers travel thru toll plazas in specially designated lanes where the toll is paid electronically from a pre-paid account, most times without having to stop, and in many cases at near highway speeds.

By way of background, in 1987, several toll agencies in the Northeast Corridor spanning New York, New Jersey and Pennsylvania began to explore the potential regional application of an emerging technology known as Electronic Toll Collection ("ETC"). ETC is a technological advance that allows a motorist traveling on a participating toll facility to pay his/her toll automatically from a prepaid account without having to fumble for cash or retrieve and present a toll ticket. By placing a small electronic tag on a windshield of a car, that car can pass through a toll lane equipped with a "reader" that collects and transmits customer account status electronically to the appropriate toll agency and the correct toll is charged to or credited against that customer's account.

In 1990, seven toll facilities from the states of New York, New Jersey and Pennsylvania joined to form an alliance known as the E-ZPass Interagency Group ("IAG"). These seven agencies represented almost 40% of all U.S. toll transactions and nearly 70% of all U.S. toll revenue. This unprecedented

cooperative effort included representatives from the New Jersey Highway Authority (operator of the Garden State Parkway), the New Jersey Turnpike Authority, the New York State Thruway Authority, the Pennsylvania Turnpike Commission, the Port Authority of New York and New Jersey, the South Jersey Transportation Authority (operator of the Atlantic City Expressway), and the MTA Bridges and Tunnels. The IAG's goal was to implement a regionally compatible, non-interfering electronic toll collection system that would not only satisfy the divergent toll collection and traffic management needs of the seven participating agencies, but would also provide regional mobility and convenience to their customers.

Today the E-ZPass Program is believed to be the largest, most successful interoperable toll collection program anywhere in the world consisting of toll agencies/companies in 17 states, servicing more than 20 million accounts, 34 million tags and the collection of over $9 billion dollars in electronic toll revenues.

## ISSUE PRESENTED

In the case at bar, Plaintiff, Intek Auto Leasing, Inc., brings this action pursuant to Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and various statutory, codified, and common laws of the United States of America and the State of New Jersey, New York, Maryland, Pennsylvania and the District of Columbia, seeking, *inter alia*: (a) a declaration that sums of money claimed to be due and owing from the Plaintiff to the various defendants or their representatives , for alleged "E-Z Pass" violations  are not the responsibility of Plaintiff, but, if due and owing, are the responsibility of Plaintiff's lessees, as the defendants have been notified of the identity of the lessee(s) but have failed to properly transfer the claims to the responsible entity.

## THE PARTIES

1.      Plaintiff, Intek Auto Leasing, Inc., ("Intek") is a New Jersey corporation engaged in the business of providing, inter alia, leasing services for various motor vehicles, with its principal place of business located at 152 Eagle Rock Avenue, Roseland, New Jersey 07068.

2.      Defendant, The Port Authority of New York and New Jersey ("PA of NY/NJ"), is a body corporate and politic, created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States of America, with its administrative headquarters located at 4 World Trade Center, 18th Floor, 150 Greenwich Street, New York, NY 10007, created for the purpose of furthering their common interests within specific jurisdictions, relevant to this complaint is the operation of the bridges and tunnels between the State of New Jersey and the State of New York and the implementation of their authority to collect tolls pursuant to N.J.S.A. 32:1-154.2 on those roadways.

3.      Defendant, New Jersey Turnpike Authority, ("NJTA") is a state of New Jersey agency responsible for maintaining the New Jersey Turnpike ("NJT") and the Garden State Parkway ("GSP"), with its administrative headquarters located at 1 Turnpike Plaza, Woodbridge, New Jersey 07095 - 5042.

4.      Defendant, New York State Thruway Authority, ("NYSTA") is a state of New York agency responsible for maintaining the "New York State Thruway System" which includes, but is not limited to, expressways, bridges, shoulders and devices, constructed or hereafter constructed in accordance with the New York State Thruway Authority Act, together with the rights-of-way and other lands acquired for such construction or other Thruway purposes, the toll facilities, buildings, restaurants, gasoline stations, equipment, rolling stock and other property of whatsoever kind or nature owned by, or under the jurisdiction of the Authority, with its administrative headquarters located at 200 Southern Blvd., P.O. Box 189, Albany, NY 12201 - 0189.

5. Defendant, Metropolitan Transit Authority ("MTA") is a public-benefit corporation chartered by the New York State Legislature in 1968. The Tri-Borough Bridge and Tunnel Authority, doing business as "MTA Bridges and Tunnels", is an affiliate agency of the Metropolitan Transportation Authority that operates seven intrastate toll bridges and two tunnels in New York City, with its administrative headquarters located at Randall's Island, New York, NY 10035-0035.

6. Defendant, Maryland Transportation Authority, ("MDTA") is an independent state agency responsible for financing, constructing, operating, and maintaining eight toll facilities, currently consisting of two toll roads, two tunnels, and four bridges in Maryland, with its administrative headquarters located at 2310 Broening Highway, Baltimore, MD 21224.

7. Defendant, Delaware River Joint Toll Bridge Commission, ("DRJTBC"), Commission is a bi-state, public agency charged with providing safe, dependable and efficient river crossings between Pennsylvania and New Jersey, with its administrative headquarters located at 2492 River Road, New Hope, PA 18938-9519.

8. Defendant, Government of the District of Columbia, ("DC Government") upon information and belief, operates under Article One of the United States Constitution and the District of Columbia Home Rule Act, which devolves certain powers of the United States Congress to the Mayor and thirteen-member Council.

9. Defendant, E-Z Pass Group, upon information and belief, is an association of 26 toll agencies in 17 States, including New Jersey. The E-Z Pass Group operates the E-Z Pass electronic toll collection program, through which drivers enter into contracts for creation and use of an E-Z Pass account, which maintains a pre-paid balance that is debited each time a toll is paid and allows drivers to use designated E-Z Pass toll lanes to pay through a tag affixed inside the vehicle.

10. Defendant, Linebargerr, Goggan, Blair & Sampson, LLC, ("Linebargerr") upon information and belief, is a New York Corporation engaged in the business of debt collection, with its principal place of business located at 61 Broadway, Suite - 2600, New York, NY 10006. False claims by some of the Defendants for balances allegedly due from the Plaintiff to some of the Defendants have been assigned to Linebargerr for collection.

11. Defendant, Professional Account Management, LLC, a Duncan Solutions Company, ("PAM, LLC") upon information and belief, is a Wisconsin Corporation engaged in the business of debt collection, with its principal place of business located at 633 W. Wisconsin Avenue, Suite - 1600, Milwaukee, WI 53203. False claims by some of the Defendants for balances allegedly due from the Plaintiff to some of the Defendants have been assigned to PAM, LLC for collection.

12. Defendant, Transworld Systems, Inc., ("Transworld") upon information and belief, is a Delaware Corporation engaged in the business of debt collection, with its principal place of business located at P.O. Box 15110, Wilmington, DE 19850 - 5110. False claims by some of the Defendants for balances allegedly due from the Plaintiff to some of the Defendants have been assigned to Transworld for collection.

13. Defendant, Affiliated Computer Services, Inc., ("Affiliated") upon information and belief, is a corporation of the State of New Jersey with a business located at 375 McCarter Hwy North, Newark, New Jersey, providing government services to The Port Authority of New York and New Jersey which includes, inter alia, processing of responses from individuals and entities such as, plaintiff, Intek to E-ZPass violation notices. False claims by some of the Defendants for balances allegedly due from the Plaintiff to some of the Defendant have been assigned to Affiliated for collection.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction under 28 U.S.C. § 1331 and § 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

15. Venue is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1391, because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated.

## BACKGROUND FACTS

16. In New Jersey, if a violation of the toll collection monitoring system regulations is committed as evidenced by a toll collection monitoring system, the authority or the agent of the authority may send an advisory and payment request within 60 days of the date of the violation to the owner of the vehicle by regular mail at the address of record for that owner with the New Jersey Motor Vehicle Commission or with any other motor vehicle licensing authority of another jurisdiction, providing the owner with the opportunity to resolve the matter prior to the issuance of a summons and complaint that charges a violation of the toll collection monitoring system regulations. N.J.S.A. 27:25A-21.3 (a).

17. The advisory and payment request shall contain sufficient information to inform the owner of the nature, date, time and location of the alleged violation. N.J.S.A. 27:25A-21.3 (a).

18. The authority or its agent may require as part of the advisory and payment request that the owner pay to the agent the proper toll and a reasonable administrative fee established by the authority and based upon the actual cost of processing and collecting the violation. N.J.S.A. 27:25A-21.3 (a).

19. If the owner fails to pay the required toll and fee within 30 days of the date the advisory and payment request was sent, the owner shall be subject to liability on the 31st day following the date the

advisory and payment request was sent for the violation of the toll collection monitoring system regulations by the vehicle operator pursuant to the issuance of a complaint and summons. N.J.S.A. 27:25A-21.3 (a).

20. The statutory scheme clearly indicates the owner of a vehicle <u>who is a lessor of the vehicle</u> used in violation of the toll collection monitoring system regulations <u>shall not be liable</u> for the violation of the regulations if the lessor submits to the authority, in a timely manner, a copy of the rental agreement, lease or other contract document covering that vehicle on the date of the violation, with the name and address of the lessee clearly legible to the authority and to the court having jurisdiction over the violation. N.J.S.A. 27:25A-21.3 (b).

21. If the lessor fails to provide the information in a timely manner, the lessor shall be held liable for the violation of the regulations. N.J.S.A. 27:25A-21.3 (b).

22. If the lessor provides the required information to the authority, the lessee of the vehicle on the date of the violation shall be deemed to be the owner of the vehicle for the purposes of the toll collection monitoring system regulations and shall be subject to liability for the violation of the regulations. N.J.S.A. 27:25A-21.3 (b).

A similar statutory scheme absolving the Lessor of responsibility for EZ Pass violations, provided proper notification of the details of the Lease Agreement is submitted by the Lessor, exists for each of the seventeen states participating in the EZ Pass toll collection system. See, e.g., Maryland Transportation Article § 21-1414 (g) (2), Massachusetts 700 CMR 11.04(8).

23. Here, repeatedly with all the named defendants, the Plaintiff, Intek Auto Leasing, Co. (lessor) has received notices of EZ Pass violations and has provided the required information to each particular authority, including the lessee of the vehicle on the date of the violation, so as to allow each defendant, to

pursue the individual lessee, as the "owner" of the vehicle for the purposes of enforcing the violation in accordance with the statutory regulations.

24.     Despite timely notification to the each of the Defendants, including supplying all pertinent information regarding the identity of the lessees, Defendants have failed to issue corrected violation notices and remove from their internal accounting records of fines and penalties improperly claimed to be due and owing from plaintiff, Intek Auto Leasing, Inc.  Said notifications are provided to each of the agencies by trackable mail so Plaintiff has proof of receipt of said notifications by the Defendants, all at great expense to Plaintiff.

25.     Despite continual efforts by plaintiff, Intek Auto Leasing, Inc., including constant written and verbal communication, and the employment of a clerical worker assigned only to resolve EZ Pass Violations, the Defendants have repeatedly failed to clear the improperly billed account balances.   Said failures by the Defendants has caused Plaintiff's lessors to incur difficulties in registering vehicles due to false claims of unpaid violations.  Plaintiff has also been caused to incur the great embarrassment and harassment of these false toll violation accounts being assigned to collection agencies to attempt collection of fines and penalties not due and owing by Plaintiff.  Additionally, tremendous legal expenses have been incurred by Plaintiff in an attempt to resolve the false billing with each of the Defendants.

WHEREFORE, plaintiff, Intek Auto Leasing, Inc., seeks a Declaratory Judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and respectfully requests that this Honorable Court enter:

    (a)     An Order declaring that plaintiff, Intek Auto Leasing, Inc., has no obligation to indemnify or otherwise pay any sum respecting any claim based upon or arising out of any alleged "E-ZPass" violations  which are not the responsibility of plaintiff, but, if due

and owing, are the responsibility of plaintiff's lessees, as the defendants have failed to properly transfer the claims to the responsibility entity; and

(b)  An Order and/or judgment for such other or alternative relief not inconsistent with the claims and causes of action asserted in this complaint as the Court may deem proper including an award of costs and attorney fees.

Respectfully Submitted,

/s/ Donna L. Thompson, Esq.
DL THOMPSON LAW, PC
(Attorney ID #030231994)
*PHYSICAL ADDRESS:*
1442 Lakewood Road
Manasquan, NJ  08736
*SEND ALL MAIL:*
P.O. Box 679
Allenwood, NJ  08724
Tel: 732-292-3000
Attorney for Plaintiff,
Intek Auto Leasing, Inc.

Dated: 05/23/2018